# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ANTHONY MURFF v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 6437      Joe H. Walker, III, Judge**

---

### No. W2010-02542-CCA-R3-HC  - Filed August 31, 2011

---

The Petitioner, Anthony Murff, appeals the Circuit Court of Lauderdale County's dismissal of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Anthony Murff, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

Following a jury trial, the Petitioner was convicted of especially aggravated robbery and sentenced as a Range III, persistent offender to sixty years, to be served at 100%.  On direct appeal, this Court affirmed both the Petitioner's conviction and sentence.  See State v. Anthony Murff, No. W2001-01459-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 498 (Tenn. Crim. App., at Jackson, June 11, 2002).  The Petitioner subsequently sought post-conviction relief.  The post-conviction court denied the petition, and this Court affirmed the denial.  See Anthony Murff v. State, No. W2003-00467-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 174 (Tenn. Crim. App., at Jackson, Feb. 26, 2004), perm. to appeal denied

(Tenn. June 14, 2004).

On August 11, 2004, the Petitioner filed a petition seeking habeas corpus relief. He asserted the trial court lacked jurisdiction to enter the judgment because the judgment was not signed by the trial court clerk and failed to run in the name of the State of Tennessee. The trial court summarily dismissed the petition, and this Court affirmed the dismissal. See Anthony Murff v. David Mills, Warden, No. W2004-02210-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 67 (Tenn. Crim. App., at Jackson, Jan. 28, 2005), perm. to appeal denied (Tenn. May 23, 2005).

In November 2010, the Petitioner filed a second petition for writ of habeas corpus in which he alleged that his sentence was in violation of the standards set forth in Ring v. Arizona, 536 U.S. 584 (2002), and Apprendi v. New Jersey, 530 U.S. 466 (2000). On November 9, 2010, the trial court entered an order summarily dismissing the petition. The Petitioner filed a timely notice of appeal document.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322

(Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 Tenn. Crim. App. LEXIS 282 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

We agree with the State that the Petitioner's failure to comply with the mandatory procedural requirements for a habeas corpus petition justifies dismissal of the petition. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. See Hickman, 153 S.W.3d at 21. The formal requirements for an application for habeas corpus relief are codified in Tennessee Code Annotated section 29-21-107, and a trial court "may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." Hickman, 153 S.W.3d at 21. The Petitioner failed to include a copy of the judgment of conviction that he challenges. Thus, dismissal of the petition was proper. See T.C.A. § 29-21-107(b).

Regardless of the Petitioner's failure to comply with the statutory requirements, the petition, on its face, fails to state a cognizable claim for habeas corpus relief. A claim of an erroneously enhanced sentence based upon the holdings of Blakely v. Washington, 542 U.S. 296 (2004), and its progeny, which includes Apprendi and Ring, would render the judgment voidable if proven, not void and, therefore, is not cognizable in a habeas corpus case. See Timothy R. Bowles v. State, No. M2006-01685-CCA-R3-HC, 2007 Tenn. Crim. App. LEXIS 355 (Tenn. Crim. App., at Nashville, May 1, 2007). The trial court properly dismissed the petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE